**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                 **Criminal Action No. 3:06-CR-47**
                                                               **JUDGE BAILEY**

**RONALD L. PHILLIPS,**

    **Defendant.**

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]**

## I.    INTRODUCTION

On June 3, 2009, this matter came before this Court for an evidentiary hearing pursuant to Defendant's Motion to Suppress Evidence [38] and Defendant's Motion to Suppress Statements and Evidence [162]. Ronald L. Phillips ("Defendant"), appeared at the hearing in person and by counsel, Kevin D. Mills, Esq. The United States of America ("Government"), appeared by Thomas O. Mucklow, Assistant United States Attorney. As an initial matter, counsel for the Defendant represented that the most recent suppression motion [162] supercedes the prior suppression motion [38]. The undersigned Magistrate Judge now issues this Report and Recommendation on Defendant's Motion to Suppress [162].

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]

Page 1 of 10

## II.     PROCEDURAL BACKGROUND

1. On August 2, 2006, the Federal Grand Jury for the Northern District of West Virginia indicted the Defendant with one (1) count of attempted internet enticement of a minor under 18 U.S.C. § 2422(b) and one (1) count of traveling with the intent to engage in illicit sexual conduct 18 U.S.C. § 2423(b).

2. On August 30, 2006, the Defendant filed a Motion to Suppress Evidence [38].

3. On September 15, 2006, the Defendant moved to continue the hearing on his motion to suppress.

4. On March 9, 2007, the Defendant entered a guilty plea pursuant to a plea agreement.

5. On June 11, 2007, the Honorable Frederick P. Stamp, Jr. sentenced the Defendant to imprisonment of 120 months and 5 years of supervised release.

6. On October 20, 2008, the Court of Appeals for the Fourth Circuit vacated the Defendant's conviction and remanded for further proceedings.

7. On May 29, 2009, the Defendant filed a Supplemental Motion to Suppress Statements and Evidence [162].

8. On June 3, 2009, the Court held an evidentiary hearing on Defendant's motions. The Defendant did not call any witnesses but did cross-examine the witnesses for the Government.

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]

Page 2 of 10

# III. ANALYSIS FOR REPORT AND RECOMMENDATION THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]

## A. Report and Recommendation that the District Court Deny Defendant's Motion to Suppress Statements

> [W]hen a confession challenged as involuntary is sought to be used against a criminal defendant at his trial, he is entitled to a reliable and clear-cut determination that the confession was in fact voluntarily rendered. Thus, the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary.

*Lego v. Twomey*, 404 U.S. 477, 92 S. Ct. 619 (1972). Defendant moves to suppress the statements he provided to the federal and state officers following his arrest. At the June 3, 2009 hearing, the Government presented evidence surrounding the arrest and subsequent statements by the Defendant. *See* Tr. [Doc. 167]. Special Agents Thomas Flosnick and Lisa Hack testified regarding the circumstances of the arrest and statements by the Defendant. Special Agents Flosnick and Hack were both located at the arrest scene. Special Agent Hack participated in the interview of the Defendant, and Special Agent Flosnick transported the Defendant from the arrest location to the Eastern Regional Jail in Martinsburg, West Virginia. The testimony revealed that on July 30, 2006 at approximately 8:46 p.m., the Defendant was arrested immediately upon exiting his vehicle in the parking lot of the South Branch Inn hotel in Romney, West Virginia. The Defendant was arrested by two to three officers, although ten to twelve officers were in the vicinity.[1] Special Agents

---

[1] At the June 3, 2009 hearing, the Defendant moved for the Government to turn over the FBI Arrest Plan "Plan," which is a written document to coordinate the arrest of the Defendant between federal and state law enforcement. The Court initially granted this request but reversed its decision after the objection raised by the Government. The Court agreed to review the Plan in camera. Following review of the Plan, the Court did not find any exculpatory evidence or any evidence to support the Defendant's Motion to Suppress. The information contained in the Plan is simply an organized effort to arrest the Defendant at the time of his arrival at the hotel in Romney, West Virginia, and any information referencing the Defendant is substantially similar to the information contained in the search warrant affidavit.

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]

Page 3 of 10

Flosnick and Hack testified that the two to three officers who arrested him may have had their weapons displayed, but within a few minutes of the arrest the weapons were holstered.

The Defendant was handcuffed behind his back, and within a few minutes of his arrest, the two to three arresting officers handed the Defendant over to Special Agent Hack, Special Agent Marc Southland, and Deputy Welsey Frame of the Hampshire County Sheriff's Department. These three officers all accompanied the Defendant into a police vehicle. Special Agent Hack seated herself next to the Defendant in the backseat; Deputy Frame was located in the driver's seat; and Special Agent Southland was located in front in the passenger's seat. *See* Tr. at 40. Special Agent Hack verbally read the Defendant his rights from the *Miranda* waiver form and then asked the Defendant whether he would waive his rights and consent to an interview. The Defendant was sitting next to Special Agent Hack, so he was able to see the form. *See* Tr. at 40 & 43. He orally waived his rights at 8:51 p.m., but he did not sign the waiver form until following the interrogation at 9:43 p.m. Special Agent Hack testified that the Defendant did not ask for an attorney, was cooperative, and talkative. *See* Tr. at 41-42. Within the police vehicle, Special Agent Southland took notes while Special Agent Hack and Deputy Frame interviewed the Defendant. *See* Tr. at 42.

At the hearing, Special Agent Flosnick (who later transported the Defendant to the jail) and Special Agent Hack testified that the Defendant was not mistreated, not threatened, not abused, that the Defendant was compliant, that he did not resist arrest, and that his demeanor was calm and quiet. Special Agent Flosnick added that his calm and quiet demeanor on the day of arrest was similar to his calm and quiet demeanor in the courtroom during the hearing. *See* Tr. at 22 & 36.

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]

Page 4 of 10

> In determining whether a defendant's will was overborne in a particular case, the Court has assessed the totality of all the surrounding circumstances-both the characteristics of the accused and the details of the interrogation. Some of the factors taken into account [in prior decisions] have included the youth of the accused...his lack of education...or his low intelligence...the length of detention...the repeated and prolonged nature of the questioning...and the use of physical punishment such as the deprivation of food or sleep...In all of these cases, the Court determined the factual circumstances surrounding the confession, assessed the psychological impact on the accused, and evaluated the legal significance of how the accused reacted...The significant fact about all of these decisions is that none of them turned on the presence or absence of a single controlling criterion; each reflected a careful scrutiny of all the surrounding circumstances. *See Miranda v. Arizona*, 384 U.S. 436, 508, 86 S. Ct. 1602, 1645.

*See Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S. Ct. 2041 (1973). In considering the totality of the surrounding circumstances, the Court finds that there was no evidence of duress or coercion during the interrogation. In addition, the Government's brief filed prior to the hearing reflected that the Defendant's characteristics are that he was 50 years old at the time of his arrest, he had attended college majoring in chemistry, and that he had worked as a chemical laboratory technician for 25 years.[2]

> It is undisputed that Mitchell consented to the search shortly after his arrest. Mitchell, however, argues his consent was invalid because it was the product of police duress and coercion...Even accepting Mitchell's allegations as true that the officers failed to notify him of his *Miranda* rights and his right to refuse consent for the search, we cannot conclude that the district court clearly erred by finding his consent to be voluntary. Mitchell was fifty years old....In addition, Mitchell consented only a few minutes after being arrested, and he told the police exactly where they could find the gun. Although Mitchell was arrested at gunpoint, the officers holstered their weapons as soon as Mitchell was handcuffed. And after Mitchell was

---

[2] Defendant or his counsel did not dispute this description of the Defendant during the suppression hearing.

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]

Page 5 of 10

> secured there is no evidence that the police threatened Mitchell or
> used any violence against him.

*See U.S. v. Mitchell*, 209 F.3d 319 (4th Cir. 2000). From the Agents' uncontroverted testimony at the hearing and in accordance with *Schneckloth* and *Mitchell*, the Court finds that Defendant's waiver of his *Miranda* rights and his subsequent statements to the officers were knowing and voluntary.

Therefore, the undersigned Magistrate Judge recommends that the District Court DENY Defendant's Motion to Suppress Statements.

### B.    Report and Recommendation that the District Court Deny Defendant's Motion to Suppress Evidence Seized from the Search of his Travel Bag

The Defendant moves to suppress the evidence seized from his travel bag, which he was carrying with him at the time of his arrest. *See* Tr. at 44. Special Agents Flosnick and Hack testified that the bag was searched at a significant amount of time following the Defendant's interview, waiver of his *Miranda* rights, statements to the officers, and consent to search. *See* Tr. at 19 & 44. The Government must "demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances." *See Schneckloth*, 412 U.S. at 248-49, 93 S. Ct. at 2059. The Court finds from the totality of the circumstances that Defendant's consent was knowing and voluntary and not the result of duress or coercion. However, Defendant contends that he was not told that he could refuse to consent.

> [The defendant] was not informed of his right to decline the search,
> a factor highly relevant in *United States v. Mendenhall*, 446 U.S. 544,
> 100 S. Ct. 1870 (1980). But the absence of that factor alone is not
> dispositive; as the Supreme Court stated, "the Constitution does not

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]

Page 6 of 10

> require 'proof of knowledge of a right to refuse as the *sine qua non* of an effective consent to a search.'" *Mendenhall*, 446 U.S. at 558, 100 S. Ct. at 1879 (*quoting Schneckloth*, 412 U.S. at 227, 93 S. Ct. at 2048 (While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the *sine qua non* of an effective consent).

*United States v. Wilson*, 895 F.2d 168, 172 (4th Cir.1990). Therefore, the Constitution does not require the officers to advise the Defendant of his right to refuse a search. Accordingly, the undersigned Magistrate Judge recommends that the District Court DENY Defendant's Motion to Suppress the Evidence Seized from Defendant's Travel Bag.

### C.    Report and Recommendation that the District Court Deny Defendant's Motion to Suppress Evidence Seized from the Search of Defendant's Residence

Finally, Defendant moves to suppress the evidence seized from his Richmond, Virginia residence pursuant to a search warrant. Defendant alleges that the search warrant affidavit lacks probable cause. Defendant did not call any witnesses in support of his allegation that the search warrant lacked probable cause but requested that the Court rule from the motion and response in the file [Doc. Nos. 162 & 164].

Special Agent Alasdair Mackenzie, of the FBI field office in Richmond, drafted the 32 page search warrant affidavit based on the investigations of Special Agent Hack, Special Agent Southland, and Deputy Frame, and presented the warrant for issuance by a United States Magistrate Judge in the Eastern District of Virginia. *See* Search Warrant Aff. Ex. A [Doc. 165] at 2 & 7. The warrant authorized a search for evidence of violations of 18 U.S.C. § 2422(b) (enticement to illegal sexual activity); 18 U.S.C. § 2423(b) (travel with intent to engage in illicit sexual conduct); and 18 U.S.C. § 2252(A) (receipt, distribution, and possession of child pornography). *See* Search Warrant

Aff. [List of Items to be Seized]. The Defendant was subsequently charged with violations of the first two code sections in the indictment returned in August 2006 but was not charged with possession of child pornography. Defendant contends that there is no nexus between being likely to possess and transmit child pornography and his charges of enticement of a minor and traveling with the intent to engage in illicit sexual conduct. The search warrant affidavit contains the following allegations, which constitute probable cause to search for evidence of possession of child pornography, internet enticement of a minor, and traveling with the intent to engage in illicit sexual conduct:

In February 2006, Deputy Frame created an undercover user profile on www.myspace.com for a fictitious fourteen (14) year old girl named "Melissa." *See* Search Warrant Aff. at 7. In June 2006, an individual named "Ron" posted a message on "Melissa's" myspace account. "Ron's" myspace name was "satisfiesyoungwomen," and "Ron's" myspace site said he was looking for younger women (15-25). *See* Search Warrant Aff. at 7 & 17. In July 2006, "Ron Phillips" sent an email to "Melissa," to attempt to arrange a meeting. *See* Search Warrant Aff. at 10-11. "Ron" stated he would bring "Melissa" $500 in cash. *See* Search Warrant Aff. at 9. "Ron" also requested specific sexual acts to be performed during the meeting. See Search Warrant Aff. at 9-10. "Ron" told "Melissa" that she would be the youngest person he had ever been with before. *See* Search Warrant Aff. at 10. Special Agent Hack accessed Choicepoint AutoTrack XP and served administrative subpoenas to ascertain the Defendant's computer IP address, name, address, telephone number, and social security number. *See* Search Warrant Aff. at 15 & 19. "Ron" sent "Melissa" pictures of himself, which the FBI used to compare with the DMV photograph. *See* Search Warrant Aff. at 15-

16. "Ron Phillips" emailed "Melissa" to arrange a meeting a Burger King and to go next door to the South Branch Inn hotel in Romney, West Virginia. *See* Search Warrant Aff. at 13-14. "Ron Phillips" sent an email to "Melissa," telling her that they will "get together on Monday (July 31) and Tuesday (August 1)," and that they will "kiss and make love." *See* Search Warrant Aff. at 13. "Ron Phillips" said he would be driving a tan Nissan Sentra. *See* Search Warrant Aff. at 9 & 13. On July 30, 2006, the Defendant arrived in a Nissan Sentra at the hotel in Romney on the date and time referenced in his email to "Melissa." *See* Search Warrant Aff. at 20. The Defendant was arrested upon arriving at the hotel with $1380 in cash in his possession. *See* Search Warrant Aff. at 20. After arrest, the Defendant admitted that he had two laptop computers and two desktop computers. *See* Search Warrant Aff. at 21. He also admitted that he had been conducting online conversations with six to ten different minor girls, but he said this was the first time he traveled to meet a minor. *See* Search Warrant Aff. at 21.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. *See Jones v. United States*, 362 U.S. 257, 80 S. Ct. 725 (1960).

*Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317 (1983). The circumstances set forth in the affidavit meet the *Gates* standard that there was a fair probability that evidence of the crimes of possession of child pornography, internet enticement of a minor, and traveling with the intent to engage in illicit sexual conduct, would be found at the Defendant's residence.

Therefore, the undersigned Magistrate Judge recommends that the District Court DENY Defendant's Motion to Suppress the Evidence Seized from his Residence.

## IV.     RECOMMENDATION AND CONCLUSION

The undersigned Magistrate Judge hereby **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Suppress Statements and Evidence [162]. The Court notes the Defendant's objection to the ruling.

Within ten (10) days of receipt of service of this Report and Recommendation, any counsel of record may file with the Clerk of the Court any written objections to this Recommendation. The party should clearly identify the portions of the Recommendation to which the party is filing an objection and the basis for such objection. The party shall also submit a copy of any objections to the Honorable John P. Bailey. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon this Recommendation. 28 U.S.C. § 636(b)(1).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: June 9, 2009**

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE [162]

Page 10 of 10