**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                                    **Criminal No. 3:06-CR-47**
                                            (BAILEY)

**RONALD L. PHILLIPS**,

        Defendant.

**ORDER OVERRULING DEFENDANT RONALD L. PHILLIPS'
OBJECTIONS TO THE MAGISTRATE'S REPORT AND
RECOMMENDATION DENYING HIS MOTION TO SUPPRESS,
AFFIRMING THE REPORT AND RECOMMENDATION,
AND DENYING DEFENDANT RONALD PHILLIPS' MOTION
TO AMEND AND SUPPLEMENT SUPPRESSION MOTION**

Pending before this Court are Defendant Ronald L. Phillips' Motion to Amend and Supplement Suppression Motion (Doc. 162), the Report and Recommendation to District Judge Recommending that the District Court Deny Defendant's Motion to Suppress Statements and Evidence [162] (Doc. 168), and Defendant Ronald L. Phillips' Objections to the Magistrate's Report and Recommendation Denying His Motion to Suppress Evidence and Statements (Doc. 171).

On July 30, 2006, the defendant was arrested in Romney, West Virginia, upon his arrival at a motel parking lot after exiting his vehicle. The defendant then consented to a search of the travel bag that he was carrying. (Doc. 162) Next, the defendant was read his ***Miranda*** rights and orally waived those rights at 8:51 p.m. (Id.) The officers then interviewed the defendant, and the defendant signed a written waiver of rights at 9:43 p.m.

1

On July 31, 2006, a search warrant was issued for the defendant's apartment. (Id.) Subsequent to the search of the apartment, the Federal Bureau of Investigation ("FBI") conducted examinations of the defendant's computers, computer storage devices and safe, all of which were seized on the day of the search. (Id.) The defendant was subsequently indicted on August 2, 2006, in a two count Indictment (Doc. 9), charging him with attempted Internet enticement of a minor and traveling with the intent to engage in illicit sexual conduct.

In his Motion, the defendant focuses on three suppression issues: (1) whether the statement that he made to law enforcement officials on July 30, 2006, was voluntary and whether his **Miranda** rights were voluntarily waived; (2) whether the consent to search his travel bag was voluntary; and (3) whether the affidavit for the search of his apartment was lacking in probable cause.

On June 3, 2009, a hearing was held on the defendant's Motion. The Government presented the testimony of FBI agents Thomas Flosnick and Lisa Hack. The defense presented no witnesses, but did cross-examine the two Government witnesses.

With respect to the statement sought to be suppressed, "when a confession challenged as involuntary is sought to be used against a criminal defendant at his trial, he is entitled to a reliable and clear-cut determination that the confession was in fact voluntarily rendered. Thus, the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary." **Lego v. Twomey**, 404 U.S. 477, 489 (1972).

At the June 3, 2009 hearing, the Government presented evidence surrounding the arrest and subsequent statements by the defendant. *See* Tr. [Doc. 167]. Special Agents

Thomas Flosnick and Lisa Hack testified regarding the circumstances of the arrest and statements by the defendant. Both were located at the arrest scene. Special Agent Hack participated in the interview of the defendant, and Special Agent Flosnick transported the defendant from the arrest location to the Eastern Regional Jail in Martinsburg, West Virginia.

The testimony revealed that on July 30, 2006, at approximately 8:46 p.m., the defendant was arrested immediately upon exiting his vehicle in the parking lot of the South Branch Inn hotel in Romney, West Virginia. The defendant was arrested by two to three officers, although ten to twelve officers were in the vicinity. The witnesses testified that the two to three officers who arrested him may have had their weapons displayed, but within a few minutes of the arrest the weapons were holstered. The defendant was handcuffed behind his back, and within a few minutes of his arrest, the arresting officers handed the defendant over to Special Agent Hack, Special Agent Marc Southland, and Deputy Wesley Frame of the Hampshire County Sheriff's Department. These three officers all accompanied the defendant into a police vehicle.

Special Agent Hack seated herself next to the defendant in the backseat; Deputy Frame was located in the driver's seat; and Special Agent Southland was located in front in the passenger's seat. *See* Tr. at 40. Special Agent Hack verbally read the defendant his rights from the **Miranda** waiver form and then asked the defendant whether he would waive his rights and consent to an interview. The defendant was sitting next to Special Agent Hack, so he was able to see the form. *See* Tr. at 40 & 43. He orally waived his rights at 8:51 p.m., but he did not sign the waiver form until following the interrogation at 9:43 p.m. Special Agent Hack testified that the Defendant did not ask for an attorney, was

3

cooperative, and talkative. *See* Tr. at 41-42.

Within the police vehicle, Special Agent Southland took notes while Special Agent Hack and Deputy Frame interviewed the defendant. *See* Tr. at 42. Special Agent Flosnick (who later transported the defendant to the jail) and Special Agent Hack testified that the defendant was not mistreated, not threatened, not abused, that the defendant was compliant, that he did not resist arrest, and that his demeanor was calm and quiet. Special Agent Flosnick added that his calm and quiet demeanor on the day of arrest was similar to his calm and quiet demeanor in the courtroom during the hearing. *See* Tr. at 22 & 36.

This description of the arrest and subsequent statement was in no way contradicted or rebutted by the defendant. It would appear, then, that the defendant would have this Court determine as a matter of law, that the surprise of his arrest, number of police officers, and other facts surrounding the arrest overcame his will. This Court cannot agree.

While this Court is required to consider the totality of the circumstances under which a statement was made, such a finding is a factual finding, and this Court finds no evidence that the statement was anything but voluntary. For example, "neither the drawing of a gun by an arresting officer, nor the handcuffing of the accused 'establishes involuntariness in and of itself.'" **United States v. Elie**, 111 F.3d 1135, 1145 (4th Cir. 1997), quoting **United States v. Seni**, 662 F.2d 277, 281 (4th Cir. 1981).

In this case, any guns which were drawn had been holstered well prior to the interview, the accused had been moved to a police car with only three officers present, and the surprise of the arrest had somewhat dissipated. There is simply no basis from which to find that the statement was involuntary.

4

With respect to the voluntariness of the consent to search the travel bag, Special Agents Flosnick and Hack testified that the bag was searched at a time well after the defendant's interview, statement to the officers, and consent to search. While the defense contends that the Government failed to prove consent to search, Special Agent hack specifically testified that the defendant gave verbal consent to search the bag. (Tr. 44).

The defendant next contends that the consent was not voluntary, again relying solely from the circumstances of the arrest. Essentially the same analysis is applicable as when considering the voluntariness of the statement. Inasmuch as this Court finds the statement voluntary, it must find the consent to the search of the bag as voluntary as well.

Finally, the defense argues that there is no evidence that the defendant was told that he had a right to refuse consent. "[T]he absence of that factor alone is not dispositive; as the Supreme Court stated, 'the Constitution does not require "proof of knowledge of a right to refuse as the *sine qua non* of an effective consent to a search."' [**United States v.**] **Mendenhall**, 446 U.S. at 558 (quoting **Schneckloth v. Bustamonte**, 412 U.S. 218, 234 (1973))." **United States v. Wilson**, 895 F.2d 168, 172 (4th Cir. 1990).

With respect to the search warrant for the residence, this Court adopts and incorporates by reference Magistrate Judge Joel's analysis and recommendation (Doc. 168).

Accordingly, Defendant Ronald L. Phillips' Motion to Amend and Supplement Suppression Motion **(Doc. 162)** is **DENIED**, the Report and Recommendation to District Judge Recommending that the District Court Deny Defendant's Motion to Suppress Statements and Evidence [162] **(Doc. 168)** is **AFFIRMED AND ADOPTED**, and Defendant

Ronald L. Phillips' Objections to the Magistrate's Report and Recommendation Denying His Motion to Suppress Evidence and Statements **(Doc. 171)** are **OVERRULED**.

It is so **ORDERED**

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** July 1, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE